Filed 4/9/21  P. v. Burns CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LARRY WELDON BURNS,<br><br>    Defendant and Appellant. | F080032<br><br>(Super. Ct. Nos. VCM341757, VCF352578)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P.J., Poochigian, J. and Meehan, J.

Defendant Larry Weldon Burns pled no contest to offenses in Tulare County Superior Court case Nos. VCM341757 and VCF352578 on the same date. The trial court inadvertently sentenced defendant twice on case No. VCM341757 to slightly different terms of probation. On appeal, he contends that (1) the second sentence was void and (2) the minute order regarding his sentence incorrectly reflects the court's oral pronouncement of judgment. The People agree, as do we. We strike the sentence pronounced on September 19, 2019, in case No. VCM341757 and direct the trial court to prepare a minute order reflecting the correct sentence as orally pronounced on August 2, 2018. As modified, we affirm.

## PROCEDURAL SUMMARY

On September 30, 2016, the Tulare County District Attorney charged defendant in case No. VCF341757 with felony vandalism (Pen. Code, § 594, subd. (a)).[1]

On July 3, 2017, the Tulare County District Attorney charged defendant in case No. VCF352578 with possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1), possession of ammunition by a felon (§ 30305, subd. (a)(1); count 2), possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 3), having a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count 4), misdemeanor possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd, (a); count 5), misdemeanor possession of a controlled substance, hydrocodone (Health & Saf. Code, § 11350, subd. (a); count 6), and misdemeanor disobeying a court order (§ 166, subd. (a)(4); count 7). The amended complaint further alleged, as to counts 1 through 4, that defendant had served three prior prison terms (§ 667.5, subd. (b)) and was on bail at the time of the offenses (§ 12022.1).

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

On August 2, 2018, defendant pled no contest to misdemeanor vandalism (§§ 17, subd. (b), 594, subd. (a)) in case No. VCM341757[2] and no contest to count 3 in case No. VCF352578. In exchange for his plea, the court indicated a sentence of four years, suspended except for 365 days of local jail time.

On the same date, the trial court sentenced defendant on the misdemeanor vandalism count of case No. VCM341757 to a three-year term of probation with credit for one day of jail served.[3] Defendant was further ordered to pay restitution in the amount of $724.65 and pay various fees and fines.

On September 19, 2019, on count 3 of case No. VCF352578, the trial court sentenced defendant to a term of four years. Execution of the sentence was suspended for three years, which was fixed as a term of probation. The conditions of probation included serving 365 days in local jail and various fines and fees. The trial court then sentenced defendant in case No. VCM341757—for the second time—to three years of probation. The conditions of probation included serving 60 days in jail, paying restitution in an undetermined amount, and paying various fees and fines.

Defendant filed a notice of appeal on September 20, 2019.

### DISCUSSION[4]

The parties agree, as do we, that (1) the second sentence imposed in case No. VCM341757 is void because the trial court no longer had jurisdiction over the case and (2) the abstract of judgment must be corrected because it is inconsistent with the trial court's oral pronouncement of sentence.

---

[2]    Because defendant was initially charged with a felony, the case number was originally VCF341757. The case number was later changed to VCM341757.

[3]    Inconsistent with the trial court's oral pronouncement, the minute order reflects that the trial court imposed a 30-day jail term.

[4]    Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

As to the first issue, generally, "a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344; accord, *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).)[5] Execution of a judgment of probation commences when the sentence is pronounced and a copy of the probationary order is furnished to the probation officer. (See § 1213, subd. (a).)

As the parties agree, the execution of defendant's sentence commenced on August 2, 2018, when the trial court pronounced defendant's sentence and a minute order of that pronouncement was filed with the court. Therefore, on September 19, 2019, the trial court lacked jurisdiction to sentence defendant on case No. VCM341757 and the sentence pronounced on that date with regard to the misdemeanor vandalism count was void and will be stricken.

Second, the parties agree that the minute order issued on August 2, 2018, incorrectly reflects the trial court's oral pronouncement of sentence. On case No. VCM341757, as a condition of probation, the trial court imposed one day of jail time with credit for one day of jail time served. The minute order reflecting the sentence erroneously indicates that the trial court sentenced defendant to jail for 30 days with credit for one day. When a discrepancy exists between a trial court's oral pronouncement of judgment and the minute order, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We may correct a clerical error in recording the judgment at

---

[5] "There are exceptions to the general rule. A court may recall a sentence and resentence a defendant under certain circumstances within 120 days of the defendant's custody commitment. (§ 1170, subd. (d)(1).) Resentencing is also authorized under the circumstances specified in sections 1170.126, 1170.18, and 1170.95. Courts may correct computational and clerical errors at any time. [Citation.] Unauthorized sentences and ' " 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings' " ' are correctable at any time." (*Torres*, *supra*, 44 Cal.App.5th at p. 1085.) However, none of those exceptions permitted the trial court's second sentencing in this case.

any time.  (*Ibid*.; *Torres*, *supra*, 44 Cal.App.5th at p. 1085.)  We therefore direct the trial court to issue an amended minute order that correctly reflects the sentence on case No. VCM341757—a three-year term of probation, with one day in jail with credit for time served, restitution in the amount of $724.65, a restitution fine in the amount of $160, a court operations fee of $40, and a conviction fee of $30.

## DISPOSITION

The sentence in case No. VCM341757 pronounced on September 19, 2019, is void and is hereby stricken.  The trial court is directed to prepare an amended minute order correctly reflecting the sentence as orally pronounced on August 2, 2018.  As modified, the judgment is affirmed.